IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| IN RE: MELISSA A. FISCHER<br>Debtor | CASE NO. 15-52117 KMS<br>Chapter 13 Proceedings |

| | |
|---|---|
| SCHICK REAL ESTATE, LLC | PLAINTIFF |
| VS. | ADV. # 16-06016 KMS |
| MELISSA A. FISCHER | DEFENDANT |

RESPONSE TO COMPLAINT OBJECTION TO DISCHARGE

COMES NOW the Plaintiff, MELISSA A. FISCHER, by and through her Counsel of Record, David L. Lord, and files her Response to Complaint Objecting to Discharge of Debtor filed by SCHICK REAL ESTATE, LLC (hereinafter "Schick") and would show unto the Court the following, to-wit:

1. The Defendant admits the allegations in Paragraph 1.

2. The Defendant has insufficient information to admit or deny the allegations of Paragraph 2.

3. Defendant admits the allegations of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4. Any property located at the premises was property of Melissa Fischer individually and was not property of Melissa's Specialty Cakes, LLC. The property was purchased used online before Mrs. Fischer had ever formed an LLC and Mrs. Fischer never transferred the property, formally or otherwise, to Melissa's Specialty Cakes or any other LLC. Furthermore, Melissa Fischer never removed any fixtures on the premises.

5. Defendant admits the allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6.

7. Defendant admits the allegations in Paragraph 7.

8. Defendant has insufficient information to admit or deny the specific allegations of Paragraph 8 and would therefore deny same and demand strict proof of same.

9. Defendant has insufficient information to admit or deny the specific allegations of Paragraph 9 and would therefore deny same and demand strict proof of same.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11. The equipment listed as recently been destroyed in a recent flood in Gulfport, Mississippi rendering them worthless.

12. Defendant denies the allegations in Paragraph 12 that the Defendant did not properly list her income on Schedule I.

13. Defendant asserts that the allegations of Paragraph 13 are in no way pertinent to the issue of whether or not Melissa Fischer should receive a discharge. Furthermore, those figures are the gross numbers from her business taken before expenses. The Defendant's business frequently operated at a loss which is the primary reason the Defendant filed bankruptcy.

14. Defendant admits the allegations of Paragraph 14.

15. Defendant admits the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16. If the business would have been successful, Melissa Fischer would not had to file bankruptcy and would not have had to close her business and start a new one. The Defendant does list those amounts as gross income, but it does not show the fact that the business frequently operated at a loss. Any property removed from the premises was the Defendant's personal property.

17. Defendant denies the allegations of Paragraph 17. Schick appears to want to deny discharge not just to their own debt, but of all the debt that the Defendant is liable. However, Schick has shown no grounds as to why such a harsh penalty should be imposed on their Defendant other than vindictiveness over a business relationship that has soured. The Defendant's business ran at a loss which is clearly indicated by the profit and loss statements, despite what the gross income was, and that precipitated Fischer having to break the lease because she could no longer afford it. Any property that was removed was property of the Defendant individually and is listed as such and exempted in her bankruptcy schedules. The Defendant operated a business that eventually failed and that drove her to close down that LLC and file personal bankruptcy. One of the primary purposes of the Bankruptcy Code is to reduce the risk of opening a business by allowing an entrepreneur to not to be saddled with the debts of a failed business for the rest of their life. The only thing that Schick alleges is that the Defendant broke her lease by leaving and that she took her own property with her when she left. This does not come anywhere near the standard needed to declare a debt non-dischargeable.

18. Defendant denies the allegations of the unnumbered "WHEREFORE,. . ." paragraph.

WHEREFORE, the Defendant prays that the Court will dismiss with prejudice Schick's Complaint Objecting to Discharge of Debtor and rule that the debt owed to Schick is dischargeable. Defendant prays for general relief.

RESPECTFULLY SUBMITTED this the 9th day of June, 2016.

MELISSA A. FISCHER, Defendant, by:

/s/David L. Lord
David L. Lord 1427
David L. Lord and Associates, P.A.

1819 24th Avenue
Gulfport, MS 39501
Phone: (228) 868-5667
Fax: (228) 868-2554
Email: lordlawfirm@bellsouth.net

## CERTIFICATE OF SERVICE

I, David L. Lord, do hereby certify that I have this day served either by the Notice of Electronic Filing or mailed, postage pre-paid, by First Class U. S. Mail, a true an correct copy of the above and foregoing Response to the following named parties on this the 9th day of May, 2016.

/s/David L. Lord
David L. Lord

Warren Cuntz, Esq
pdunnaway@cableone.net

U. S. Trustee
USTPRegion05.JA.ECF.usdoj.gov

Michelle Luber, Esq.
520 E. Railroad Street, Suite B
Long Beach, MS 39560